# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BONNIE JONES,** | : | **Civil No. 1:16-CV-1258** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **OSS ORTHOPAEDIC** | : | |
| **HOSPITAL, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM  ORDER

## I.    Factual Background

On June 23, 2016, the plaintiff, who is currently proceeding under the pseudonym, Bonnie Jones, filed this lawsuit.  In her complaint, Jones alleged that the defendants violated federal and state anti-discrimination laws when they denied her access to an aquatic therapy pool due to her HIV status.  Along with her complaint, Jones filed a motion to proceed under a pseudonym, citing the social stigma that may attach in some quarters to an HIV positive diagnosis.  (Doc. 4.)  This motion was opposed by one defendant, who argued that Jones originally was not allowed to proceed under a pseudonym in state human relations proceedings, (Doc. 9.), but Jones has responded by noting that she repeatedly sought leave to proceed under a pseudonym in these state agency proceedings, and observing that such leave to

proceed under a pseudonym was granted by the state agency on July 1, 2016.  (Doc. 12.)

In consideration of all of the circumstances of this case, and in the exercise of our discretion, for the reasons set forth below, we will GRANT this motion to proceed under a pseudonym.

## II.    <u>Discussion</u>

Decisions regarding whether to allow a party to proceed under a pseudonym are consigned to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion.  <u>Doe v. Megless</u>, 654 F.3d 404, 407 (3d Cir. 2011). The exercise of this discretion is guided, however, by certain basic principles.  At the outset," [O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public."  <u>Doe v. Megless</u>, 654 F.3d 404, 408 (3d Cir. 2011).  " A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.' "  <u>Id</u>.  Nonetheless, "in exceptional cases courts have allowed a party to proceed anonymously."  <u>Id.</u>

In exercising this discretion, we are cautioned to balance an array of competing factors:

The factors in favor of anonymity include[]:

2

"(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

On the other side of the scale, factors disfavoring anonymity include[]:

"(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

Doe v. Megless, 654 F.3d 404, 409 (3d Cir. 2011).

In striking this balance '[e]xamples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, *AIDS*, and homosexuality.' Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D.Pa.1990)." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011)(emphasis added).  Indeed, courts have frequently found that the social stigma in some quarters associated with an HIV positive diagnosis is a factor which strongly weighs in favor of allowing a litigant to proceed under a

3

pseudonym.  See e.g., WGA v. Priority Pharmacy Inc., 284 F.R.D. 616 (E.D. Mo.

1999); Roe v. City of Milwaukee, 37 F.Supp.2d. 1127 (E.D. Wisc. 1999); Patient

v.Corbin, 37 F. Supp.2d. 433 (E.D. Va. 1995).  But see Doe v. Bell Atlantic, 162

F.R.D. 418 (D. Mass. 1995).

Here we find that Jones should be able to pursue this litigation under a

pseudonym.  At the outset, consistent with those cases that have considered similar

claims by HIV positive litigants, we find that Jones has made a substantial showing

that disclosure of her identity will result in an social stigma in some quarters of a type

which may, and should, be avoided.  Further, while the issues in this litigation present

matters which may garner some public interest, that public interest can be met without

the necessity of disclosure of the plaintiff's identity.   Therefore, all of these

considerations strongly favor granting Jones' request to proceed under a pseudonym.

Indeed, the presence of these factors favoring granting this request are

undisputed by any defendant.  Instead, one defendant simply insists that Jones did not

sufficiently protect her privacy and identity during the course of the state agency

proceedings to warrant granting her request in this case.

We disagree.  In our view Jones has persuasively demonstrated that she

repeatedly sought leave to proceed under a pseudonym during these state agency

proceedings.  In fact, we note that such leave to proceed under a pseudonym was

granted by the state agency on July 1, 2016. (Doc. 12.) Therefore, we also find that the plaintiff has made continuing efforts to protect her identity and privacy in this litigation, and in state agency proceedings. Having found that the prerequisites set by law for proceeding under a pseudonym are met in this case, the motion to proceed under a pseudonym is granted.

An appropriate order follows.

## III.   Order

Accordingly, for the foregoing reasons, the plaintiff's motion to proceed under a pseudonym (Doc. 4.) , is GRANTED.

So ordered this 12th day of July 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge